## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

CLIFFORD JACKSON            )
               and     )
           )
ANGELA FISHER,       )
           )
         Plaintiffs,   )
           )
vs.                 )    **Case No. 12-2078-EFM**
           )
VIN SOLUTIONS, LLC   )
              and     )
           )
VIN STICKERS, LLC,    )
           )
         Defendants.  )

## JOINT STIPULATED PROTECTIVE ORDER

The parties jointly request that the Court issue this Stipulated Protective Order for the protection, discovery and maintenance of confidential information and privacy interests, for the following reasons:

a.      Discovery in this case is expected to involve confidential, sensitive, personal, medical, financial, proprietary and/or other information, including information regarding non-parties; specifically, Defendant[1] intends to seek the production of the medical and financial records relevant to Plaintiff's claims in this matter. Plaintiff likely will seek discovery of applications and personnel records of persons who are not a party to this action which contain confidential and private information. Furthermore, Plaintiff could seek information related to Defendant's confidential and trade secret business operations and other confidential financial and proprietary information.

b.      Defendant submits that, subject to the procedural protections set forth in this

---

[1]  The Defendants are incorrectly identified in the caption as Vin Solutions, LLC and Vin Stickers, LLC. Defendant's proper name is VinSolutions, Inc.

12-2078-EFM-PO.doc

Protective Order, discovery may proceed efficiently while minimizing invasion or harm to the privacy interests and/or rights referenced above.

Given the facts set forth above, the Court finds that good cause for the entry of a protective order exists under Fed. R. Civ. P 26(c) to protect the confidentiality and proprietary nature of documents, trade secrets, and to protect the disclosure information that would cause unreasonable annoyance, embarrassment, or oppression, and disclosure of which would cause significant public and/or private harm.  Consistent with the court's published guidelines dealing with protective orders, the undersigned has modified paragraph's 9 and 18 with regard to enforcement of this order after termination of this litigation.  The Court hereby issues this Protective Order, and it is accordingly,

ORDERED that the confidential contents and proprietary nature of all documents, testimony, answers to interrogatories and requests for production or admission, and all other information in whatever form produced or given by any person, pursuant to order of this Court or pretrial discovery in this action shall be protected and governed as follows:

1. This Protective Order governs the designation, disclosure and use of information designated confidential ("Confidential Information") by the parties in the above-identified action.  This Order shall govern until modified or superseded by a further order of this Court.

2. Documents or information produced or provided by the parties during the course of discovery in the above-styled matter may be designated as "Confidential Information" as long as the party who seeks confidentiality has a good faith belief that such document or information is entitled to confidentiality under the terms of this Order.

3. For purposes of this Order, "Confidential Information", includes but is not limited to, any documents containing trade secrets, non-public and/or personnel information, financial information, or any other non-public information relating to the Defendant's operations or

applicants or employees (as used herein includes current and former employees) or finances, which includes but is expressly not limited to the methods and systems used by Defendant for recruiting applicants and/or employees or marketing, soliciting, or selling its products or services; information concerning Defendant's management and training programs; sales reports and projections; budgets and forecasts; business strategies, gross or net profit margins, and any other financial information not generally known to the public; non-public information regarding Defendant's vendors and customers; current or past contracts; Defendant's business requirements and needs; information concerning product innovation, development, or support; information about costs and pricing structures used in sales and purchases; confidential operational information such as computer access codes, business reports, internal memoranda or other communications, handbooks and policies and procedures internal memoranda; software programs customized for Defendant's operation; credit card numbers; any confidential information provided by vendors or customers; employment applications; employee personnel files, medical records, evaluation, disciplinary records, personal information, and background checks; social security numbers contained any of Defendant's records; and financial or confidential medical information relating to Plaintiff.

4.      For purposes of this Order, "Document" means all written, recorded, or graphic material, in hard copy or electronic format, including but not limited to deposition transcripts and exhibits, trial and hearing transcripts and exhibits, pleadings, motions, affidavits, and briefs that may quote, summarize, or contain Confidential Information.

5.      A party may designate materials and documents as "Confidential" at the time it produces the material or within thirty (30) days thereafter. To designate Confidential Information on Documents, the Producing Party shall place a legend or stamp upon the Documents indicating such in a way that brings the designation to the attention of a reasonable examiner, or otherwise

puts the Recipient on reasonable notice that it contains Confidential Information.  Inadvertent failure to designate Confidential Information shall not be construed as a waiver, in whole or in part, and may be corrected by the Producing Party by written notification to the Recipient promptly upon discovery of the failure to designate.

6.      Confidential Information shall be used <u>solely</u> for the prosecution or defense of this matter and shall not be disclosed in any manner to anyone other than the parties, their attorneys who have entered an appearance in this matter, their law firm of record, employees of those law firms, any witnesses or experts, and the Court.  Except for the Court, its personnel and members of the jury, Counsel (a) shall instruct all such persons to themselves maintain the confidentiality of information protected by this Order; (b) shall furnish to all such persons a copy of this Order; and (c) is responsible for ensuring the compliance of such persons with this Order.

7.      In the event that any Confidential Information is used in depositions, the reporter shall be instructed either (1) by a statement on the record by counsel at the time of the deposition, or (2) by written notice to all counsel within thirty business days after the receipt of the transcript that the portions of the depositions relating to the Confidential Information, as well as any "Confidential" documents which are made exhibits, shall be maintained under separate cover, with each page thereof clearly marked as "Confidential" or words to that effect, and if to be filed in connection with this proceeding or any subsequent appeal, shall be submitted to the Court pursuant to this Order as set forth in Paragraph 8, and that copies of such materials shall be given only to counsel of record. Only those persons afforded access under Paragraph 6 may be present at any examination concerning Confidential Information.

8.      In the event that any Confidential Information is included with, incorporated in, or in any way disclosed in any paper filed with the Court in connection with this proceeding or any subsequent appeals, the parties agree to file a motion with the Court as contemplated by *Holland*

*v. GMAC Mort. Corp.*, 2004 WL 1534179, at *2 (D. Kan. June 30, 2004), to request that the Court, for good cause shown, allow the Confidential Information or documentation to be filed under seal and kept confidential.  Any material containing Confidential Information shall be submitted to the Court pursuant to Local Rule79.3 and Local Rule 5.4.6.  This provision shall not be deemed to present additional copies of any pleading or paper from being hand-delivered to the Court's chambers provided, however, such copies comply with the requirements set forth herein.

9.     No provision of this Agreed  Protective Order shall limit or otherwise affect the Admissibility or use of Confidential Information during the trial of this matter.  Within thirty business days after the conclusion of this litigation, by adjudication (including appeals) or otherwise, the Recipient shall return to the Producing Party all Confidential Information, all copies of such information, and any Documents incorporating such information.  Alternatively, at the request of the Producing Party, the Recipient shall destroy all such materials and certify in writing that all such materials have been destroyed.

10.     This Order is entered solely for the purpose of protecting the confidentiality of information and facilitating the exchange of documents and information between the parties to this proceeding without unnecessarily involving the Court in the process. By entering into this Order, no party agrees to produce any particular document or information, including but not limited to, any documentation or information referenced herein. This Order shall be without prejudice to the right of any party to object to the production of any information or documents or to object to the admissibility of any evidence or testimony.  Moreover, this Order shall be without prejudice to the right of any party or non-party to present to the Court a motion for separate Protective Order as to any such particular document or information, including restrictions differing from those as specified herein, and this Order shall not be deemed to prejudice any party in any way in any future application for modification of this Order.

11.     The parties may agree in writing only to withdraw the designation of "Confidential."   If a party notifies the opposing party in writing that it disputes the confidentiality designation of a document, the party challenging the designation of the document as "Confidential" shall bear the burden of going forward to move the Court to resolve the issue after the parties have attempted to informally resolve their dispute in good faith.  The document in question will remain subject to this Order until the Court rules on the designation of the document.

12.     The parties agree that any documents that are otherwise authentic for purposes of admissibility remains authentic even if stamped "Confidential."

13.     This Order has no effect upon and shall not apply to a party's own use of the information and documents that party produced under the protections of this Order.

14.     In the event additional parties join or are jointed in this action, they shall not have access to material marked "Confidential" until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

15.     If a Recipient discloses Confidential Information in a manner not authorized herein, the Recipient must immediately and in writing notify the Producing Party of all pertinent facts relating to such disclosure and, without prejudice to other rights and remedies of the Producing Party, make every effort to prevent further disclosure by the Recipient or by the person to whom the Recipient disclosed such information.

16.     If a party inadvertently produced documents that are subject to the attorney client privilege or the work product doctrine, the receiving party shall, upon request by the producing party, return all such documents without retaining any copies and shall not use the documents or the information contained in those documents for any reason.

17.     Nothing in this Order shall be deemed to be a limit or waiver of the attorney-

client privilege, the work product privilege, or any other relevant privilege.

     18.    Ordinarily the court's jurisdiction, including jurisdiction to enforce a protective order, is terminated upon the final disposition of the case.  However, any party to this litigation may seek leave to reopen the case to enforce the provisions of this Order.

     Dated September 4, 2012, in Kansas City, Kansas.

                     IT IS SO ORDERED:


                   _s/James P. O'Hara_____
                   Honorable James O'Hara
                   United States Magistrate Judge



                   Respectfully submitted by,

                   OGLETREE, DEAKINS, NASH, SMOAK
                   STEWART, P.C.

                   By: /s/ Kerri S. Reisdorff
                   Kerri S. Reisdorff  #19709
                   4520 Main Street, Suite 400
                   Kansas City, Missouri 64112
                   816.471.1301
                   816.471.1303 (Facsimile)
                   kerri.reisdorff@ogletreedeakins.com
                   **ATTORNEY FOR DEFENDANT**




                   SANDHAUS & MANDELBAUM, LLC


                   By:  Ronald E. Sandhaus
                   Ronald E. Sandhaus
                   4601 College Blvd., Ste. 170
                   Leawood, Kansas 66211
                   PHONE:
                   Email:  rsandhaus@noflawlaw.com
                   **ATTORNEY FOR PLAINTIFFS**

                                 13091577.1